IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SIMPLIFIED FOODS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. _____ |
| | ) | |
| v. | ) | Demand for Jury Trial |
| | ) | |
| SARAH CRAWFORD and ANDREW | ) | |
| GORDON, BOTH DOING BUSINESS AS | ) | |
| SQUAREBAR, | ) | |
| | ) | |
| Defendants. | | |

## COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND UNFAIR AND DECEPTIVE PRACTICES

### INTRODUCTION

This is an action for trademark infringement under the Lanham Act, 15 U.S.C. § 1114, and Illinois common law; unfair competition under the Lanham Act, 15 U.S.C. § 1125(a), and Illinois common law; unfair and deceptive practices under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. § 505/1 *et seq.*; and deceptive trade practices under the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. § 510/1 *et seq*.

### PARTIES

1.      Plaintiff Simplified Foods LLC ("Plaintiff") is an Illinois limited liability company having its principal place of business in Chicago, Illinois.

2.      Upon information and belief, defendants Sarah Crawford and Andrew Gordon (collectively, "Defendants") are residents of Alameda, California, doing business together as "Squarebar."

870342v2

## JURISDICTION AND VENUE

3.      This Court has jurisdiction because: (a) this is an action brought under the Trademark Laws of the United States (15 U.S.C. §§ 1051, *et seq.*), jurisdiction being conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), and 1338(b); and (b) this action includes claims that are so related to claims within such original jurisdiction that they form part of the same case or controversy, supplemental jurisdiction being conferred in accordance with 28 U.S.C. § 1367.

4.      Venue is proper in the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to the claims occurred in this district, and Defendants transact business within this judicial district.

## FACTS

5.      Plaintiff is engaged in the business of manufacturing, marketing and selling organic nutrition bars throughout the United States.

6.      Since at least as early as April 1, 2009, Plaintiff has marketed and sold organic nutrition bars under the mark SIMPLE SQUARES.

7.      Plaintiff owns two federal trademark registrations for its SIMPLE SQUARES mark: Reg. No. 3,896,114 and Reg. No. 3,896,115.

8.      Plaintiff has sold millions of dollars of its SIMPLE SQUARES nutrition bars in the United States.

9.      Plaintiff has spent hundreds of thousands of dollars marketing the SIMPLE SQUARES nutrition bars in the United States.

10.     As a result of Plaintiff's marketing and sales of SIMPLE SQUARES nutrition bars, the SIMPLE SQUARES mark has come to represent a valuable goodwill owned by Plaintiff.

11.     Long after Plaintiff began marketing and selling its SIMPLE SQUARES nutrition bars, Defendants began marketing and selling a competing nutrition bar under the SQUAREBAR name.

12.     Defendants market and sell their SQUAREBAR nutrition bars through the same channels of trade Plaintiff uses to market and sell its SIMPLE SQUARES nutrition bars.

13.     SIMPLE SQUARES and SQUAREBAR nutrition bars are marketed and sold across the country in many of the same stores, such as Whole Foods and Natural Grocers, to the same ultimate consumers.

14.     Retailers and consumers have actually been confused between SIMPLE SQUARES and SQUAREBAR nutrition bars and have confused the sources of these products.  For example, Plaintiff has received misdirected purchase orders intended for Defendants.  Additionally, Plaintiff has received comments and complaints from consumers that concerned Defendants' SQUAREBAR nutrition bars, not Plaintiff's SIMPLE SQUARES bars.

15.     On information and belief, Defendants' acts have been with the intent to trade on the goodwill Plaintiff owns in the SIMPLE SQUARES mark.

**COUNT I**
**TRADEMARK INFRINGEMENT**
**UNDER THE LANHAM ACT, 15 U.S.C. § 1114**

16.     Plaintiff re-alleges paragraphs 1-15, as if fully set forth herein.

17.     Defendants' use of the SQUAREBAR mark has caused, and is likely to continue causing, confusion, mistake, or deception, in that purchasers and others have assumed, and are likely to continue assuming, that the SQUAREBAR products are Plaintiff's SIMPLE SQUARES products, or that they are sponsored by, or connected or affiliated with, Plaintiff or its SIMPLE SQUARES products.

18.     Upon information and belief, Defendants' aforesaid acts of infringement were willful and intentional.

19.     Defendants' aforesaid acts constitute infringement of Plaintiff's registered SIMPLE SQUARES trademark, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

20.     Defendants' aforesaid acts greatly and irreparably damage Plaintiff, and will continue to cause damage unless restrained by this Court.  Therefore, Plaintiff is without an adequate remedy at law.

**COUNT II**
**UNFAIR COMPETITION**
**UNDER THE LANHAM ACT, 15 U.S.C. § 1125(a)**

21.     Plaintiff re-alleges paragraphs 1-15, as if fully set forth herein.

22.     Defendants' use of the SQUAREBAR mark has caused, and is likely to continue causing, confusion, mistake, or deception, in that purchasers and others have assumed, and are likely to continue assuming, that the SQUAREBAR products are Plaintiff's SIMPLE SQUARES products, or that they are sponsored by, or connected or affiliated with, Plaintiff or its SIMPLE SQUARES products.

23.     Upon information and belief, Defendants' aforesaid acts of unfair competition were willful and intentional.

24.     Defendants' aforesaid acts constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

25.     Defendants' aforesaid acts greatly and irreparably damage Plaintiff, and will continue to cause damage unless restrained by this Court.  Therefore, Plaintiff is without an adequate remedy at law.

**COUNT III**
**TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**
**UNDER ILLINOIS COMMON LAW**

26.     Plaintiff re-alleges paragraphs 1-15 as if fully set forth herein.

27.     Defendants' use of the SQUAREBAR mark has caused, and is likely to continue causing, confusion, mistake, or deception, in that purchasers and others have assumed, and are likely to continue assuming, that the SQUAREBAR products are Plaintiff's SIMPLE SQUARES products, or that they are sponsored by, or connected or affiliated with, Plaintiff or its SIMPLE SQUARES products.

28.     Defendants' aforesaid acts constitute trademark infringement of Plaintiff's SIMPLE SQUARES trademark and unfair competition, in violation of the common law of the State of Illinois.

29.     Defendants' aforesaid acts greatly and irreparably damage Plaintiff, and will continue to cause damage unless restrained by this Court. Therefore, Plaintiff is without an adequate remedy at law.

**COUNT IV**
**DECEPTIVE TRADE PRACTICES UNDER THE ILLINOIS UNIFORM DECEPTIVE**
**TRADE PRACTICES ACT, 815 ILL. COMP. STAT. § 510/1 *et seq.***

30.     Plaintiff re-alleges paragraphs 1-15 as if fully set forth herein.

31.     Defendants' adoption and use of the SQUAREBAR mark constitutes deceptive trade practices, as described in 815 ILCS 510/2(a), in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. § 510/1 *et seq*.

32.     Defendants' aforesaid acts greatly and irreparably damage Plaintiff, and will continue to cause damage unless restrained by this Court.  Therefore, Plaintiff is without an adequate remedy at law.

**COUNT IV**
**UNFAIR AND DECEPTIVE PRACTICES**
**UNDER THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS**
**PRACTICES ACT, 815 ILL. COMP. STAT. § 505/1 *et seq.***

33.     Plaintiff re-alleges paragraphs 1-15 as if fully set forth herein.

34.     Defendants' aforesaid acts constitute deceptive trade practices in violation of the Illinois Consumer Fraud & Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*.

35.     Defendants' aforesaid acts greatly and irreparably damage Plaintiff, and will continue to cause damage unless restrained by this Court.  Therefore, Plaintiff is without an adequate remedy at law.

**RELIEF SOUGHT**

**WHEREFORE**, Plaintiff prays that:

1.     The Court permanently enjoin and restrain Defendants, their agents, servants, employees and attorneys, as well as their successors and assigns, and all others in active concert or participation with them, from the manufacture, dealing in, marketing, sale, or distribution of products that bear the SQUAREBAR mark, or any other mark that is confusingly similar to Plaintiff's SIMPLE SQUARES mark.

2.     The Court require Defendants, and all others holding by, through, or under them, jointly and severally, to:

    a)     account for and pay over to Plaintiff all profits that Defendants have derived from their acts of trademark infringement in accordance with 15 U.S.C. § 1117(a);

b)      pay to Plaintiff all actual damages suffered by Plaintiff, together with prejudgment interest, by reason of Defendants' acts complained of herein in accordance with 15 U.S.C. § 1117(a), 815 ILCS 505/10a and Illinois common law, and Plaintiff asks that this damages award be trebled in accordance with 15 U.S.C. § 1117(a);

c)      pay to Plaintiff the costs of this action, together with reasonable attorneys' fees and disbursements, in accordance with 15 U.S.C. § 1117(a) and 815 ILCS § 505/10a;

d)      deliver up for destruction all labels, signs, prints, packages, wrappers, receptacles, advertisements, and products in Defendants' possession bearing the SQUAREBAR mark, in accordance with 15 U.S.C. § 1118;

e)      send a notice to any existing wholesale or retail customers that the dealing in, marketing, sale, or distribution of products bearing the SQUAREBAR mark is unlawful, and that it has been enjoined by a United States District Court from doing so; and

f)      enter into the record of the Court and serve on Plaintiff an affidavit setting forth in detail the manner and form in which Defendants have complied with the terms of the injunction, in accordance with 15 U.S.C. § 1116.

3.      Plaintiff further prays that the Court provide to Plaintiff such other and further relief as the Court deems just and equitable.

Respectfully Submitted,

Date:  January 15, 2016         /Jessica A. Ekhoff/                

PATTISHALL, MCAULIFFE, NEWBURY,
HILLIARD & GERALDSON LLP
Phillip Barengolts
Jessica A. Ekhoff
200 South Wacker Drive, Suite 2900
Chicago, Illinois  60606
Telephone:  312-554-8000
PB@pattishall.com
JAE@pattishall.com

*Attorneys for Simplified Foods LLC*